*Desince v. Sessions*

BIA
Renner, IJ
A030 675 079

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of July, two thousand eighteen.

PRESENT:
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

YANICK DESINCE,
*Petitioner,*

v.                                                 17-796
                                                   NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Michael L. Walker, Brooklyn, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Derek C. Julius,
                         Assistant Director; Enitan O.
                         Otunla, Trial Attorney, Office of
                         Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanick Desince, a native and citizen of Haiti, seeks review of a February 22, 2017, decision of the BIA affirming an October 12, 2016, decision of an Immigration Judge ("IJ") denying Desince's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yanick Desince,* No. A030 675 079 (B.I.A. Feb. 22, 2017), *aff'g* No. A030 675 079 (Immig. Ct. N.Y. City Oct. 12, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Desince's aggravated felony conviction limits our review to constitutional claims and questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (D); *Ortiz-*

2

*Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015).

**Withholding of Removal**

To qualify for withholding of removal, Desince was required to show that she would more likely than not be persecuted. 8 U.S.C. § 1231(b)(3); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987) ("The 'would be threatened' language . . . requires the alien to establish by objective evidence that it is more likely than not that he or she will be subject to persecution upon deportation."). She also needed to establish that her race, religion, nationality, political opinion, or membership in a particular social group would be "one central reason" for such persecution. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i); *Matter of C-T-L-,* 25 I. & N. Dec. 341, 344-46 (BIA 2010) (extending the "one central reason" standard to withholding of removal).

The agency's rejection of Desince's particular social group raises a reviewable question of law. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("Courts review *de novo* the legal determination of whether a group constitutes a 'particular social group' under the [Immigration and Nationality Act]."). We uphold the agency's social group

3

determination because Desince did not show that wealthy or "Americanized" deportees meet the social distinction or particularity requirements for a particular social group. *See Paloka*, 762 F.3d at 195-97 (discussing social distinction and particularity requirements); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007) (holding that "affluent Guatemalans" are not a particular social group).

The agency's factual determination that Desince was unlikely to face persecution as a Seventh Day Adventist is not subject to review. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (a determination of what will happen in the future is a finding of fact). Although the agency may commit legal error if it overlooks or mischaracterizes an applicant's testimony or evidence, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), it did not do so here. The agency acknowledged Desince's testimony that someone set fire to her pastor's house in Haiti, but discounted this testimony because Desince did not know who the culprits were and could not establish that her pastor was targeted because of his religion.

**CAT Relief**

To qualify for CAT relief, an applicant must show that she is "more likely than not" to be tortured. 8 C.F.R. § 1208.16(c)(2). Torture is defined as "severe pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id*. § 1208.18(a)(1). Acquiescence, in turn, "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id*. § 1208.18(a)(7).

Desince has not identified any colorable questions of law with respect to the BIA's conclusion that she did not demonstrate a likelihood of torture. *See Ortiz-Franco*, 782 F.3d at 90-91. She argues that the country reports "depict Haiti as a lawless country infested with crime where public officials may personally engage in theft and extortion or turn a blind eye to such behavior," and she is at greater risk than others because of her age, perceived wealth, and lack of family ties in Haiti. Appellant Br. 9-10. But the

5

record reflects that the agency considered Desince's testimony and the country conditions and determined that this evidence did not establish a likelihood of harm rising to the level of torture or government acquiescence to such harm, especially because Desince was not harmed when she visited Haiti in 2006. Any challenge to the agency's weighing of this evidence is the type of factual question that this Court lacks jurisdiction to review. *See Ortiz-Franco*, 782 F.3d at 91.

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

6